CCC:NB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

STACY BENNETT,
   also known as "REL,"

       Defendant.

- - - - - - - - - - - - - - - - -X

M-10  018

FILE UNDER SEAL

AFFIDAVIT IN SUPPORT OF
OF APPLICATION FOR
ARREST WARRANT
(T. 18, U.S.C. §
1029(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

    GERMAINE JOHNSON, being duly sworn, deposes and says that she is a Special Agent with the United States Secret Service (the "Secret Service"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between October 2009 and December 2009, within the Eastern District of New York, defendant STACY BENNETT, also known as "REL," knowingly and with intent to defraud, did use one or more unauthorized access devices, during any one year period, and by such conduct did obtain a thing of value aggregating $1,000 or more during that period, which conduct affected interstate commerce, all in violation of Title 18, United States Code, Section 1029(a)(2)).

    (Title 18, United States Code, Section 1029(a)(2)).

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I have been a Special Agent with the Secret Service for approximately eleven years. During this time, I have investigated numerous fraudulent schemes involving bank fraud, wire fraud and access device fraud. My knowledge of the information set forth in this affidavit is based upon my review of records and reports, conversations with other law enforcement agents, cooperating witnesses and investigators and my own personal participation in the investigation.

2. In October 2009, the Secret Service received information that a group of individuals was stealing Home Depot credit card account numbers from customers of Home Depot and using those account numbers to purchase Home Depot gift cards at Home Depot stores throughout the East Coast of the United States. Thereafter, the Home Depot customers' credit card numbers were charged up to the account's credit limit. The defendant STACY BENNETT is a member of that group of individuals.

3. In December 2009, Secret Service agents interviewed a cooperating witness ("CW #1"), who is a cashier at a Home Depot on Long Island. CW #1 admitted that s/he stole

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

approximately twelve Home Depot credit card numbers from customers who used the cards to purchase items at the Long Island Home Depot. CW #1 further indicated that s/he sold the numbers to another cooperating witness ("CW #2"), and that CW #2 provided them to an individual named "REL," who was later identified as the defendant STACY BENNETT. BENNETT gave CW #2 between $150 and $200 to pay CW #1 for each Home Depot credit card number. Home Depot informed the Secret Service that those credit card numbers were used to purchase over $130,000 worth of Home Depot Gift cards. Secret Service agents interviewed four of the approximate twelve customers whose credit card numbers were stolen. Each customer confirmed that s/he had not authorized anyone to make the purchases for him/her.

4. Thereafter, CW #1 agreed to place a consensually monitored and recorded telephone call to CW #2 to speak regarding the credit card scam. During the recorded conversation, CW #1 and CW #2 discussed the sale of the Home Depot credit card numbers and CW #2 indicated that s/he would pass the numbers on to "REL" who would then give him/her money to pay CW #1 for the numbers. In addition, CW #1, acting at the direction of Secret Service agents, provided CW #2 with several Home Depot credit card numbers that were created for this undercover operation.

5. In December 2009, Secret Service agents interviewed CW #2. CW #2 admitted that CW #1 gave her/him stolen

Home Depot credit card account numbers. S/he also admitted that s/he gave those account numbers to "REL," who paid $150-200 per card number. CW #2 identified "REL" in a photograph array as the defendant STACY BENNETT.

6. After that interview, CW #2 placed a consensually monitored telephone call to "REL." During that call, CW #2 and "REL" discussed obtaining additional Home Depot credit card account numbers and payment for cards that CW #2 had previously provided to "REL." On a later date, CW #2 placed another consensually monitored telephone call to "REL." On that call, they again discussed obtaining additional Home Depot credit card account numbers and payment for cards that CW #2 previously provided to "REL."

7. CW #2 also admitted that s/he forwarded the credit card numbers given to her/him as part of the undercover operation to BENNETT via a text message. S/he showed the agents that text message, which was still stored on her cell phone, and the agents confirmed that those credit card numbers were the same credit card numbers that CW #1, acting at the direction of Secret Service, provided to CW #2. Home Depot informed the Secret Service that those credit card numbers were subsequently used to purchase over $12,000 worth of gift cards. Several of those purchases occurred at stores located on Long Island.

5

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for defendant STACY BENNETT, so that he may be dealt with according to law.

Because this is an ongoing investigation, I respectfully requests that this Affidavit be filed under seal.

*Germaine Johnson*
GERMAINE JOHNSON
Special Agent
United States Secret Service

Sworn to before me this
8th day of January, 2010

_____
United States Magistrate Judge
Eastern District of New York